## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.:    09-cv-_____ ___-___

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

           Plaintiff,

    v.

ARAPAHOE MOTORS, INC., d/b/a RALPH SCHOMP AUTOMOTIVE,

           Defendant.

## COMPLAINT AND JURY TRIAL DEMAND

## NATURE OF THE ACTION

This is a public enforcement action under Title VII of the Civil Rights Act of 1964, Title I of the Civil Rights Act of 1991, and the Age Discrimination in Employment Act of 1967 to correct unlawful employment practices on the bases of sex and age, and to provide appropriate relief to Charging Parties Deborah Arneson-Gaw, Stephanie Shana Haines, Robert Homme, Al Knoblock, Connie W. Orr, and Ronald Steflick, and Class Claimants Karri Jennifer Butler Coombs, Donita Casteel Fogle, Doris Angela "Angie" Earle, and Norman Karsh, who were adversely affected by such practices.  As alleged with greater particularity below:  (1) a class consisting of Arneson-Gaw, Haines, Coombs, Fogle, and Earle were subjected to a pattern or practice of unlawful sexual harassment, a hostile work environment, disparate terms and conditions of employment, and/or constructive discharge/termination based upon sex, female;  and (2) a class

consisting of Homme, Knoblock, Orr, Steflick, and Karsh were subjected to constructive discharge/termination based upon age, forty years of age and older.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 704, 706(f)(1) and (3), and 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-3, 2000e-5(f)(1) and (3), and 2000e-6 ("Title VII"), Section 102 of the Civil Rights Act of 1991, as amended, 42 U.S.C. § 1981a, and Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) ("ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 216(c) and 217 ("FLSA").

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Colorado.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("EEOC" or "the Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and the ADEA, and is expressly authorized to bring this action by Sections 704, 706 (f)(1) and (3), and 707 of Title VII, 42 U.S.C. §§ 2000e-3, 2000e-5(f)(1) and (3), and 2000e-6, and Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. Defendant Arapahoe Motors, Inc., d/b/a Ralph Schomp Automotive ("Ralph Schomp"), is a Colorado corporation in good standing.

5. At all relevant times, Ralph Schomp has continuously been doing business in the State of Colorado.

6. At all relevant times, Ralph Schomp has continuously had at least 20 employees.

7. At all relevant times, Ralph Schomp has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h), and Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## STATEMENT OF CLAIMS

### General Allegations

8. More than thirty days prior to the institution of this lawsuit, Deborah Arneson-Gaw, Stephanie Shana Haines, Robert Homme, Al Knoblock, Connie W. Orr, and Ronald Steflick filed charges with the Commission alleging violations of Title VII and the ADEA by Ralph Schomp.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

10. Deborah Arneson-Gaw ("Ms. Arneson-Gaw") is female.

11. Ms. Arneson-Gaw was employed by Ralph Schomp as a Sales Representative at Ralph Schomp's Honda dealership from 1997 until December 2000, and again from July 2001 until October 18, 2006.

12. Stephanie Shana Haines ("Ms. Haines") is female.

13. Ms. Haines was employed by Ralph Schomp as a Sales Representative at Ralph Schomp's BMW dealership beginning in 1997.

14. Karri Jennifer Butler Coombs ("Ms. Coombs") is female.

15. Ms. Coombs was employed by Ralph Schomp as a Senior Internet Sales Representative.

16. Donita Casteel Fogle ("Ms. Fogle") is female.

17. Ms. Fogle was employed by Ralph Schomp as a Manager's Assistant.

18. Doris Angela "Angie" Earle ("Ms. Earle") is female.

19. Ms. Earle was employed by Ralph Schomp as a Sales Representative from 1998 until December 2002 and again from June 2004 until March 2006.

20. Robert Homme ("Mr. Homme") is a 65-year-old male.

21. Mr. Homme was employed as a Sales Representative at Ralph Schomp's Honda dealership from February 2003 until his termination on December 18, 2006.

22. Norman Karsh ("Mr. Karsh") is a 64-year-old male.

23. Mr. Karsh was employed as General Sales Manager with Ralph Schomp from approximately 1988 until his demotion, transfer, and constructive discharge in September 2005.

24. Al Knoblock ("Mr. Knoblock") is a 61-year-old male.

25. Mr. Knoblock was employed with Ralph Schomp from 1989 until his termination on March 6, 2006. The last position he held was Training Manager.

26. Connie W. Orr ("Mr. Orr") is a 66-year-old male.

27. Mr. Orr was employed as the Sales Manager at Ralph Schomp's BMW dealership from 1997 until his termination on March 3, 2006.

28. Ronald Steflick ("Mr. Steflick") is a 64-year-old male.

29. Mr. Steflick was employed as a Sales Consultant at Ralph Schomp's Honda dealership from October 2003 until his termination in January 2007.

## First Claim For Relief:

## Title VII Gender Discrimination

30. Plaintiff EEOC hereby realleges, reasserts, and incorporates ¶¶ 1 through 29 above with the same force and effect as if fully set forth herein.

31. Since at least 1999, Ralph Schomp engaged in unlawful employment practices at its facilities in Colorado, in violation of Sections 706(f)(1) and (3), and 707 of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3), and 2000e-6, and Section 102 of the Civil Rights Act of 1991, as amended, 42 U.S.C. § 1981a, by engaging in a pattern or practice of unlawful sexual harassment, a sexually hostile work environment, and disparate terms and conditions of employment based on gender, including offensive verbal comments and physical touching, demotion, salary reduction, refusal to transfer, and failure to promote, and/or constructive discharge/termination based upon sex, female, against Arneson-Gaw, Haines, Coombs, Fogle, and Earle

32. The effect of the practices complained of has been to deprive Arneson-Gaw, Haines, Coombs, Fogle, and Earle of equal employment opportunities and otherwise adversely affect their status as employees of Ralph Schomp because of their sex, female.

33. The unlawful employment practices complained of were intentional.

34. The unlawful employment practices complained of were done with malice or with reckless indifference to the federally protected rights of Arneson-Gaw, Haines, Coombs, Fogle, and Earle.

5

## Second Claim For Relief:

### Constructive Discharge/Termination Based Upon Age In Violation Of The ADEA

35.     Plaintiff EEOC hereby realleges, reasserts, and incorporates ¶¶ 1 through 34 above with the same force and effect as if fully set forth herein.

36.     Since at least 2005, Ralph Schomp engaged in unlawful employment practices at its Colorado facilities in violation of Section 4(a)(1) of the ADEA, 29 U.S.C. § 623(a)(1), by terminating Homme, Knoblock, Orr, and Steflick, and by constructively discharging similarly situated individuals, including Karsh, based upon their ages, forty years of age and older, and replacing them with younger, less-experienced employees and/or retaining younger employees with lower sales numbers, all of which occurred after a manager in his twenties made age-related comments.

37.     The effect of the practices complained of has been to deprive Homme, Knoblock, Orr, Steflick, and Karsh of equal employment opportunities and otherwise adversely affect their status as employees of Ralph Schomp because of their ages, forty years of age and older.

38.     The unlawful employment practices complained of were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

### **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Ralph Schomp, its owners, officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practices that discriminate on

the basis of sex and/or age (forty years of age and older), and/or from engaging in retaliation and/or any other employment practice for opposing unlawful discriminatory employment practices.

      B.      Order Ralph Schomp to institute and carry out policies, practices, and programs which provide equal employment opportunities for females and employees forty years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

      C.      Order Ralph Schomp to make whole Charging Parties Arneson-Gaw and Haines, and Class Claimants Coombs, Fogle, and Earle by providing appropriate back-pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, reinstatement or an appropriate award of front pay.

      D.      Grant a judgment requiring Ralph Schomp to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to individuals whose wages are being unlawfully withheld as a result of the acts complained of above, including but not limited to Charging Parties Homme, Knoblock, Orr, and Steflick, and Class Claimant Karsh.

      E.      Order Ralph Schomp to make whole Charging Parties Arneson-Gaw, Haines, Homme, Knoblock, Orr, and Steflick, and Class Claimants Coombs, Fogle, Earle, and Karsh by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job search expenses and medical expenses not covered by Ralph Schomp's employee benefit plan, in amounts to be determined at trial.

F.  Order Ralph Schomp to make whole Charging Parties Arneson-Gaw and Haines, and Class Claimants Coombs, Fogle, and Earle by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

G.  Order Ralph Schomp to pay Charging Parties Arneson-Gaw and Haines, and Class Claimants Coombs, Fogle, and Earle punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

H.  Grant such further relief as the Court deems necessary and proper in the public interest.

I.  Award the Commission its costs of this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by this Complaint.

Dated: December 18, 2009     Respectfully submitted,


JAMES L. LEE
Acting General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. EQUAL EMPLOYMENT
     OPPORTUNITY COMMISSION
1801 L Street, N.W.
Washington, D.C.  20507

MARY JO O'NEILL
Regional Attorney
Phoenix District Office

s/ D. Andrew Winston_____
Trial Attorney
303.866.1361
Andrew.Winston@eeoc.gov

RITA BYRNES KITTLE
Supervisory Trial Attorney
303.866.1347
Rita.Kittle@eeoc.gov

EEOC – Denver Field Office
303 E. 17th Ave., Suite 410
Denver, CO 80203


**PLEASE NOTE:**
**For purposes of service upon the EEOC,**
**it is sufficient that pleadings, notices, and**
**court documents be served upon the**
**Trial Attorneys.**