**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Action No.:  09-cv-02961-REB-MJW


EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

     Plaintiff,

v.

ARAPAHOE MOTORS, INC., d/b/a RALPH SCHOMP AUTOMOTIVE,

     Defendant.

---

## CONSENT DECREE

---

## I.  RECITALS

**1.**    Equal Employment Opportunity Commission ("EEOC"), an agency of the United

States of America, alleges that Arapahoe Motors, Inc., d/b/a Ralph Schomp Automotive

("Ralph Schomp") engaged in a pattern or practice of unlawful employment

discrimination based on sex and age in violation of Title VII of the Civil Rights Act of

1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, et seq., and the Age Discrimination

in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. §§ 621, et seq.  The

alleged employment discrimination included sexual harassment, hostile work

environment, disparate terms and conditions of employment, and constructive discharge

of a class of employees based on sex (female),  and different terms and conditions of

employment and termination of a class of employees based upon age (40 and older).


**2.**    Deborah A. Arneson-Gaw, Stephanie Shana Haines, Robert Homme, Al

Knoblock, Connie W. Orr, and Ronald Steflick filed Charges of Discrimination ("Charges") with EEOC regarding the alleged discrimination.  They are referred to herein as the "Charging Parties."

**3.**     The Parties hereto, desiring to settle this action by an appropriate Consent Decree ("Decree"), agree to the jurisdiction of this Court over the Parties and the subject matter of this action, and agree to the power of this Court to enter a Decree enforceable against Ralph Schomp.

**4.**     This Decree is final and binding upon the Parties as to the issues resolved, as well as upon their successors and assigns.

**5.**     The Parties hereto agree that this Decree fairly resolves the issues alleged by EEOC and constitutes a complete resolution of all claims of unlawful employment practices under Title VII and the ADEA that were made against Ralph Schomp in the EEOC's complaint.

## II.  JURISDICTION

**6.**     The Court has jurisdiction over the Parties and the subject matter of this lawsuit. EEOC's Complaint asserts claims that, if proven, would authorize the Court to grant the monetary and equitable relief set forth in this Decree against Ralph Schomp.  This Decree conforms with the Federal Rules of Civil Procedure, Title VII, and the ADEA, and is not in derogation of the rights and privileges of any Party or person.  The Court shall retain jurisdiction of this action for the duration of the Decree for the purposes of entering all orders, judgments and decrees which may be necessary to implement the relief provided herein.

## III.  DEFINITIONS

7.      **Claimants** - Individuals on whose behalf EEOC is seeking relief.

8.      **Claim Share** - The settlement amount that EEOC determines will be paid to a particular Eligible Class Member.

9.      **Class** - There are two classes in this case.  One Class of individuals covered by this Decree consists of employees over 40 years of age.  Another Class consists of employees who are female.

10.     **Class Settlement Fund** - The sum of one million five hundred five thousand dollars ($1,505,000.00) paid by Ralph Schomp in full settlement of all claims for monetary relief to members of the class, including Charging Parties as well as non-charging party Eligible Class Members.

11.     **Class Liability Period** - The Class Liability Period is January 1, 2002, through the Effective Date of this Decree.

12.     **Complaint of Discrimination, Harassment, or Retaliation** - A complaint of discrimination, harassment, or retaliation shall be any oral or written complaint, which comes to the attention of a supervisor or manager of Ralph Schomp and makes allegations which are appreciated by any supervisor or manager as an allegation of discrimination, harassment, or retaliation, regardless of whether the employee complains in writing or expressly uses the terms "discrimination," "harassment," or "retaliation."

13.     **EEO** - The term "EEO" shall refer to the phrase "equal employment opportunity."

14.     **Effective Date** -The Effective Date of this Decree is the date on which the Court

gives final approval to the Decree, after hearing, if required.

15.    **Eligible Class Members** - Individuals eligible for class relief under this decree are Claimants, as defined in  7 above, who were determined by EEOC to be either (a) a female formerly or currently employed by Ralph Schomp during the Class Liability Period, and subjected to sexual harassment, hostile work environment, disparate terms and conditions of employment, and/or discharge or constructive discharge based on sex;  and/or (b) a person 40 years of age or older formerly or currently employed by Ralph Schomp during the Class Liability Period and subjected to disparate terms and conditions of employment and/or termination based upon his or her age.

16.     **Parties** - The Parties to this Decree are EEOC and Ralph Schomp.

## IV. GENERAL PROVISIONS

17.    **Scope** -  This Decree covers Ralph Schomp's facilities, premises, and employees in Colorado.

18.    **Term of Consent Decree** -  This Decree shall remain in effect for 2 years subsequent to the effective date hereof.  In the event the terms and obligations outlined in this Decree are not completed within 2 years, the Parties shall meet and confer concerning all matters that are alleged to constitute noncompliance.  EEOC reserves the right to file an enforcement action under Section IX ("Enforcement of Consent Decree") hereof to extend the Decree for whatever period is necessary to allow Ralph Schomp to comply fully with the terms of this Decree.

19.    **Compliance with Federal EEO Laws** -  Nothing in this Decree shall be construed to limit or reduce Ralph Schomp's obligation to comply with the statutes

enforced by EEOC:  Title VII, Title I of the Americans with Disabilities Act, 42 U.S.C.

§12101, et seq., ADEA, and the Equal Pay Act, 29 U.S.C. §206(d).

20.   **Effect of Consent Decree** -  Ralph Schomp's compliance with this Decree will

fully and completely resolve all issues of law and fact which could be raised by EEOC in

litigation arising out of the above-referenced charge as to acts and practices up to the

effective date of this Decree.

21.   **Complete Consent Decree** -  This Decree constitutes the complete

understanding among the Parties with respect to the matters herein.

22.   **Severability** -   If one or more provisions of this Decree are rendered unlawful or

unenforceable by act of Congress or by decision of the United States Supreme Court,

the Parties shall attempt to agree upon what amendments to this Decree, if any, are

appropriate to effectuate the purposes of this Decree. In any event, the unaffected

provisions will remain enforceable.

## V.  NON-DEROGATION OF EEOC RIGHTS

23.   **Waiver of EEOC Claims** - Nothing in this Decree shall be construed to preclude

EEOC from bringing suit to enforce this Decree in accordance with the enforcement

provisions of Section IX ("Enforcement of Consent Decree") herein.  Neither does this

Decree preclude EEOC from filing lawsuits based on charges not resolved in this

Decree, subject to §§ 20 and 25 hereof.

24.   **EEOC Rights Reserved** -  EEOC reserves all rights to proceed with respect to

matters not covered in this Decree and to secure relief on behalf of aggrieved persons

not covered by this Decree.  Under no circumstances shall EEOC by commenting or

electing not to comment upon proposed policies or procedures pursuant to Section VI

("Affirmative Relief") be deemed to have waived its right to investigate or litigate any

alleged adverse effects of said policy upon equal employment opportunities.  Nor shall

EEOC by commenting or electing not to comment upon said policies or procedures be

considered to have accepted the validity of or approved the provisions adopted by

Ralph Schomp.

25.     **Charges Filed After the Effective Date** -  Any individual charges of

discrimination filed with EEOC or the Colorado Civil Rights Division ("CCRD") after the

effective date of this Decree based on conduct alleged to have occurred prior to the

effective date of this Decree will be processed by EEOC in accordance with its standard

procedures, except that EEOC shall not file a lawsuit nor intervene in any lawsuit based

in whole or part on issues, claims and allegations in any such charges that are covered,

waived, and released by EEOC in this Consent Decree.  The parties intend, in use of

the language in this section, that the EEOC agrees not to litigate any charges against

Ralph Schomp based on conduct occurring prior to the date of entry of the Consent

Decree.

## VI.  AFFIRMATIVE RELIEF

26.     **Notice and Posting of Decree Notice**

**26.01  Posting** -  Within 60 days of the Effective Date of this Decree, Ralph

Schomp shall conspicuously post the Notice to Employees attached hereto as

Exhibit A ("Notice"), in each of its Colorado facilities where all other

employee-related notices are posted.

**26.02  Orientation on Consent Decree** - Prior to posting the Notice required in the preceding Paragraph 26.01, Ralph Schomp shall conduct orientation meetings advising all supervisors, managers, and human resources employees with responsibility for such facilities, of the terms and conditions of the Decree. Ralph Schomp shall notify the EEOC of the dates, times and locations at least 20 business days prior to each of the orientation meetings.  In addition, Ralph Schomp shall inform all current and future supervisors, managers, and human resources employees with responsibility for such facilities that any breach of or failure to comply with the terms and conditions set forth in this Decree shall subject them to appropriate disciplinary action up to and including termination.

27.    **Injunction**

**27.01  No Discrimination** - Ralph Schomp is permanently enjoined from discriminating against any employee or applicant in promotions, pay, discipline (including discharge), terms and conditions of employment, or hostile work environment, because of sex or age.

**27.02  No Retaliation** - Ralph Schomp is permanently enjoined from retaliating against any employee, applicant, or class member for his or her participation in the EEOC process, the investigation by EEOC into this matter, participation in this lawsuit, complaining about or opposing any employment practice made unlawful by one or more of the statutes enforced by EEOC, or for asserting any rights under this Decree.

28.    **Letters of Reference** - Upon request, Ralph Schomp shall provide to any

Charging Party or Class Member a letter of reference in the form attached hereto as Exhibit B.

29.    **EEO Training**

**29.01  Development of EEO Training Program** -  Within 60 days of the Effective Date of this Decree, Ralph Schomp shall submit to EEOC a proposed EEO training program for new and current employees, including non-supervisory employees, supervisors, managers, and human resources employees.  Each training program will include the following information:  (a) a detailed agenda; (b) curriculum vitae(s) for the individual(s) who will conduct the training;  and (c) a plan to ensure that all employees receive the required training.

**29.02  Amount of Training Required**

**29.02.01  Non-Supervisory Employees** - Ralph Schomp will provide non-supervisory employees at least 2 hours of EEO training within 10 days of hire if a new employee or within 90 days of the effective date of this Decree if a current employee, and on an annual basis thereafter.  This training may be conducted live by a human resources employee with responsibility for the facility or an individual(s) not employed by or associated with Ralph Schomp, or by videotape presentation purchased from an outside vendor.

**29.02.02  Supervisory and Management Employees** - Ralph Schomp will provide supervisors and managers with EEO training as follows: within 10 days of hire or promotion into such positions or within 90 days of

8

the effective date of this Decree if a current employee by video

presentation purchased from an outside vendor;  and every 6 months

thereafter to be conducted live by a qualified human resources employee

with responsibility for the facility or an individual(s) not employed by or

associated with Ralph Schomp.  Supervisors and managers shall receive

a total of 4 hours of EEO training annually in the manner described in this

§ 29.02.02.

**29.02.03  Human Resources Employees** - Ralph Schomp will provide

human resource employees and its owners, including but not limited to

Lisa Schomp, Mark Wallace, and Aaron Wallace, at least 8 hours of EEO

training within 30 days of hire or promotion into such a position or within

90 days of the effective date of this Decree if a current employee, and on

an annual basis thereafter.  This training must be conducted live by an

individual(s) not employed by or associated with Ralph Schomp.  By using

the phrase "not employed by or associated with Ralph Schomp," the

parties agree that this provision is not intended to prevent Schomp and/or

its insurance carrier from retaining an experienced, local employment law

attorney to provide the training discussed in this section.

**29.03  Required Subjects of Training** - At a minimum, the EEO training

programs shall include the following:

- instruction on the requirements of all applicable equal employment

  opportunity laws including, but not limited to, Title VII, the ADEA,

the Americans with Disabilities Act, the Equal Pay Act, and the

Pregnancy Discrimination Act;

- a review of Ralph Schomp's non-discrimination employment

   policies and of the specific requirements of this Decree, with

   particular emphasis on the complaint procedure, and prohibitions

   on retaliation;

- training for supervisors, managers, human resources employees,

   and the Owners shall include instruction on the proper procedures

   for responding to employee complaints of discrimination,

   harassment, and/or retaliation.

30.    **Modification and Implementation of Policies and Procedures; Review of**

**Policies** -  During the first year of this Decree, Ralph Schomp shall, in consultation with

a qualified consultant who is not an employee of or otherwise associated with Ralph

Schomp ("Consultant"), review Ralph Schomp's existing policies and procedures,

develop and implement new and/or revised policies and provisions to ensure equal

employment opportunities are afforded to female employees and to employees 40 years

of age and older. By using the phrase "not employed by or otherwise associated with

Ralph Schomp," the parties agree that this provision is not intended to prevent Ralph

Schomp and/or its insurance carrier from retaining an experienced, local employment

law attorney to develop and implement new an/or revised policies discussed in this

section.  During the second year of this Decree, Ralph Schomp may, on its own or in

consultation with the Consultant, develop additional policy revisions to ensure equal

employment opportunities.

## VII.  MONETARY RELIEF

**31.     Payment to Charging Parties**

**31.01**  Ralph Schomp agrees to pay to Charging Parties amounts set forth in

individual agreements with each Charging Party.   Regarding the ADEA class,

the payments made represent back pay, liquidated damages and attorneys'

fees/costs.  Regarding the ADEA Charging Parties, Ralph Schomp shall withhold

all appropriate taxes from amounts designated as back pay and shall issue

Forms W-2 on said amounts.  As to the amount of the settlement payments to

the ADEA Charging Parties representing liquidated damages, Ralph Schomp's

insurer shall issue checks payable to the Charging Parties, with no deductions

applied.  Form 1099s shall be issued regarding the portions of payments to the

ADEA Charging Parties representing liquidated damages  Regarding the

settlements for the Charging Parties bringing claims of gender discrimination

under Title VII, Ralph Schomp shall not withhold any taxes from amounts

designated as emotional distress damages in the individual agreements, and

shall issue Forms 1099 on said amounts.  Ralph Schomp shall make all

appropriate reports to the Internal Revenue Service and other taxing authorities,

including, but not limited to, the Colorado Department of Revenue

**31.02**  Payment pursuant to this Section 31 has been delivered to Private

Counsel for the gender Charging Parties and for the ADEA Charging Parties.

Payments for the non-represented, non-charging Claimants covered by this

11

Consent Decree shall be delivered as provided in Section 32.01, below..

**31.03**  Ralph Schomp will not condition the receipt of individual relief on any Charging Party's agreement to (a) maintain as confidential the terms of this decree, (b) waive his or her statutory right to file a charge with any federal or state anti-discrimination agency, or (c) waive his or her right to apply for a position with the Ralph Schomp.  None of the Charging Parties has been employed with Ralph Schomp within the last 300 days.

## 32.   Payment To Non-Charging Claimants

**32.01**  In full settlement of all monetary claims of the non-charging Claimants, Ralph Schomp shall pay sums to the Claimants from the Class Settlement Funds in amounts set forth in individual releases with each Claimant.  The settlement checks for Claimants shall be tendered directly to each Claimant at the personal address provided by EEOC, with copies of said checks and any accompanying correspondence sent to EEOC.  In order to receive said settlement checks, the Claimants must sign and return the releases in the form attached hereto as Exhibit C to Ralph Schomp's counsel as a condition precedent to receiving settlement payment.  EEOC shall forward the approved release form to the Claimants at their last known addresses.  EEOC shall, in turn, furnish Ralph Schomp's counsel with the original executed release forms.  Ralph Schomp shall then issue payment to the Claimants within 15 days after receiving their executed release forms from the EEOC.  Ralph Schomp has each Claimant's tax ID numbers to which appropriate tax reporting forms shall be issued.  Ralph

Schomp shall withhold all appropriate taxes from amounts designated as back

pay for the payment issued for the ADEA Claimant, and shall issue a Form W-2

on said amount representing back pay.  Ralph Schomp shall not withhold any

taxes from the amount designated as liquidated damages payable to the ADEA

Claimant.  As to the amount of the settlement payment to the ADEA Claimant

representing liquidated damages, Ralph Schomp's insurer shall issue a check

payable to the ADEA Claimant, with no deductions applied.  A Form 1099 shall

be issued regarding the portion of payment to the ADEA Claimant representing

liquidated damages.   Ralph Schomp shall not withhold taxes on any amounts

payable to the Title VII Claimants as none of the payments made to the Title VII

represents back pay or any form of wages.  It is the intention of the parties that

the amounts paid to the Title VII Claimants shall represent emotional distress

damages, and Forms 1099 shall be issued on said amounts.  Ralph Schomp

shall make all appropriate reports to the Internal Revenue Service and other

taxing authorities, including, but not limited to, the Colorado Department of

Revenue.

**32.02**  Ralph Schomp will not condition the receipt of individual relief on any

non-charging Claimant's agreement to (a) maintain as confidential the terms of

this decree, (b) waive his or her statutory right to file a charge with any federal or

state anti-discrimination agency, or (c) waive his or her right to apply for a

position with the Ralph Schomp.  None of the Claimants have been employed

with Ralph Schomp within the last 300 days.

**33.**    **Taxes** - Ralph Schomp shall be responsible for the employer's share of any

taxes applicable to payments representing back pay wages under this Decree, including the employer's share of social security payments to the Social Security Administration and the withholding of the employee's share of social security payments for transfer to his or her social security account.  Charging Parties and non-charging Claimants shall be responsible for payment of the employee's share of taxes owed to any governmental authority as a result of payments under this Decree.

## VIII.  REPORTING AND RECORD KEEPING

**34.    Document Preservation**

**34.01**  For the duration of the Decree, Ralph Schomp shall maintain such records as are necessary to demonstrate its compliance with this Decree and verify that the reports submitted are accurate, including but not limited to the documents specifically identified below.

**34.02**  While the Decree is in effect and for 2 years following the Termination of the Decree, Ralph Schomp shall retain the following hard-copy (paper or fiche) and computer records:

- all personnel files including all performance appraisals, attendance, production, discipline and termination records;

- all complaints of discrimination or harassment based upon sex and age, and all records of the investigation of those complaints;

- all complaints of retaliation prohibited by statutes enforced by the EEOC, and all records of the investigation of those complaints;

- all records of employee production/sales;

14

- all records of employee discipline and discharge, including any investigative records supporting the decision;

- all written job advertisements;

- all written applications, including employee applications for open positions;

- all records created during the selection of successful candidates for employment and promotion, including, but not limited to, applications, interview notes, and background checks;

- all written notices of rejection provided to employees seeking promotion or change of assignment;

- all computerized payroll data; and

- all data utilized in performance reviews and selection decisions for positions filled.

**35.   Reports**

**35.01  Initial Report** -  Within 180 days of the effective date of this Decree, Ralph Schomp shall provide EEOC with the following:

- a status report on the project to review and revise existing policies as necessary to ensure equal employment opportunities, as required herein;

- verification that all non-supervisory employees, supervisors, managers, human resource employees with responsibility for Ralph Schomp's Colorado facilities, and the Owners have completed

training on the terms and provisions of this Decree, as required herein;

- proposed EEO training programs, as required herein.

**35.02  Periodic Reports**

**35.02.01**     During the term of this Decree, Ralph Schomp shall submit to EEOC a second and final report 18 months after the entry of this Consent Decree.  With the second report, Ralph Schomp shall submit all data in both electronic and hard copy form.

**35.02.02**     The second and final report shall contain the following information for the relevant reporting period:

- All records documenting handling of employee complaints of discrimination, harassment, and/or retaliation made during the reporting period, including copies of all complaints, formal or informal, any investigative records, including notes of witness interviews, records gathered, investigative reports or recommendations, records reflecting what, if any, remedial steps were taken, and any records documenting the decision-making process.  In order to protect the privacy interests of current and former employees who are not Charging Parties herein, Schomp may redact the reports to remove names, addresses, Social Security Numbers ("SSNs") and, instead, identify the employees by age, gender and initials;

16

- A list of employees during the reporting period, listed by hire date and categorized by sex, date of birth, and age;  and

- Verification of employee attendance for all EEO training conducted during the reporting period.

**35.03  Other Reports**

**35.03.01**  No later than 10 business days prior to holding the orientation meetings required herein, Ralph Schomp shall provide EEOC with the dates, times and locations of the orientation meetings;

**35.03.02**  No later than 30 days prior to any scheduled training required herein other than routine initial orientation of newly hired employees, Ralph Schomp shall inform EEOC of the date, time, and location when the training is scheduled to be conducted.

**35.03.03**  As required herein, Ralph Schomp shall deliver to EEOC any proposed or amended anti-discrimination and equal employment opportunity policies.

**35.04  Additional Data** -  EEOC shall have the right to request additional computer or other data from Ralph Schomp so long as the information sought is necessary and consistent with the monitoring of the Decree.  Ralph Schomp shall comply with a request for additional data within 60 calendar days of the request. Any disputes regarding the propriety of any request for additional data shall be resolved by the Court as provided herein.

## IX.  ENFORCEMENT OF CONSENT DECREE

**36.    Enforcement by EEOC** -  It is expressly agreed that if EEOC concludes that Ralph Schomp breaches this Decree, EEOC may initiate a lawsuit in this Court after complying with the informal resolution procedures set forth herein.

**37.    Requirement of Informal Resolution Efforts**

**37.01  Notice of Dispute** -  Prior to initiating an action to enforce the Decree, EEOC will provide written notice to all other Parties of the nature of the dispute. This notice shall specify the particular provision(s) believed to have been breached and a statement of the issues in dispute.  The notice may also include a reasonable request for documents or information relevant to the dispute.

**37.02  Response to Notice of Dispute** -  Within 60 calendar days after service of the Notice of Dispute, Ralph Schomp will provide a written response and provide the requested documents or information.

**37.03  Service** - Service of the Notice of Dispute and any Responses shall be made by hand-delivery, facsimile transmission, or electronic mail to:

        EEOC:        D. Andrew Winston, Esq.
                     Trial Attorney
                     EEOC - Denver Field Office
                     303 E. 17th Avenue, Suite 410
                     Denver, CO  80203

        Ralph Schomp:

                     Bradley A. Lozow, , Esq.
                     Lozow & Lozow, P.C.
                     1600 Stout Street, Ste. 1910
                     Denver, CO  80202-3160

        And to:
                     James G. Biner
                     Tracy A. Parent

18

Human Resources
Ralph Schomp Automotive
5700 South Broadway
Denver, CO  80121-8007

**37.04  Meeting** -  After service of the Responses, the Parties will schedule a

telephone or in-person meeting to attempt to resolve the dispute.

**37.05  Dispute Resolution Period** - If the dispute has not been resolved within

40 calendar days after service of the Notice of Dispute, an action to enforce the

Decree may be brought in this Court.

**38. Expedited proceedings** - The provisions of this section do not prevent EEOC from

bringing an issue before the Court when the facts and circumstances require immediate

Court action.  EEOC's moving papers shall explain the facts and circumstances that

necessitate immediate Court action.  If EEOC brings a matter before the Court requiring

immediate Court action, copies of the moving papers will be provided to Ralph Schomp.

## X.  MISCELLANEOUS PROVISIONS

**39.  Amendment** -  By mutual written consent of all of the Parties hereto, this Decree

may be amended in the interest of justice and fairness in order to execute the provisions

involved.

**40.  Counterparts**  -  This Decree may be executed in more than one counterpart, each

of which shall be deemed as original, but all of which shall constitute one and the same

instrument.  In addition, facsimile signatures shall be deemed as valid as original

signatures.

**41.  Implementation** -  EEOC and Ralph Schomp agree to take all steps that may be

necessary to fully effectuate the terms of this Decree.

**SO ORDERED** January 6, 2010.

BY THE COURT:

Robert E. Blackburn
United States District Judge

**APPROVED AS TO FORM AND CONTENT**

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

By: _____          Date: _____

     Mary Jo O'Neill
     Regional Attorney


ARAPAHOE MOTORS, INC., d/b/a RALPH SCHOMP AUTOMOTIVE

By: _____          Date: _____

_____
Name

_____
Title

By: _____          Date: _____


_____
Name

_____
Title

s/  D. Andrew Winston
Trial Attorney
EEOC - Denver Field Office

Attorneys for Plaintiff

s/  M. Robin Repass
White & Steele, P.C.
600 Seventeenth Street, Suite 600N
Denver, CO  80202-5406

s/  Bradley A. Lozow
Lozow & Lozow, P.C.
1600 Stout Street, Ste. 1910
Denver, CO  80202-3160

Attorneys for Defendant

**Exhibit A**

## NOTICE TO EMPLOYEES

This Notice is being posted as part of the remedy agreed to pursuant to a Consent Decree between Arapahoe Motors, Inc., d/b/a Ralph Schomp Automotive ("Ralph Schomp") and the Equal Employment Opportunity Commission (EEOC).

**Unlawful Discrimination**:  Under federal law, it is unlawful for an employer to discriminate based on race, color, religion, sex, national origin, age (over 40), or disability.  This means that a supervisor or manager cannot make decisions about hiring, promotion, pay, or other conditions of employment, based on race, color, religion, sex, national origin, age (over 40), or disability.  This also means that the work environment should be free from harassment or ridicule based on race, color, religion, sex, national origin, age (over 40), or disability.

**Unlawful Retaliation**:  It is also unlawful to discriminate or retaliate against any individual who reports or complains about what he or she believes to be unlawful discrimination based on race, color, religion, sex, national origin, age (over 40), or disability.

**Reporting Improper Conduct**: If you are aware of any events, conduct, or information, which you believe may indicate some improper discrimination or harassment, it is very important that you report the information so the necessary steps may be taken to investigate, identify, and promptly remedy any problems.  You may report such improper to conduct to any of the following:

**Reporting to Ralph Schomp**:  Within the Ralph Schomp organization, you may make such a report to the Human Resource Representative at your facility or to any supervisor or manager.  By reporting a problem to Ralph Schomp, you do not waive any rights to file a charge of discrimination with the EEOC or the Colorado Civil Rights Division ("CCRD").

**Reporting to EEOC**: EEOC is responsible for enforcing federal laws prohibiting employment discrimination based on race, color, religion, sex, national origin, age (over 40), or disability. You may directly contact the Denver Field Office of the EEOC, at any of the following numbers:

> Telephone: (303) 866-1300
> TTY: (303) 866-1950
> Fax: (303) 866-1085
> Toll Free: 1-(800) 669-4000

The Denver Field Office of the EEOC is located at:  303 East 17th Avenue, Suite 410
Denver, Colorado 80203.

**Reporting to the CCRD**: The CCRD is the agency responsible for enforcing state laws prohibiting employment discrimination based on race, color, religion, sex, national origin, age (over 40), or disability. You may directly contact the CCRD at any of the following numbers:

Telephone:  (303) 894-2997
Fax:  (303) 894-7830
Toll Free:  1-(800) 262-4845
E-Mail:  ccrd@dora.state.co.us

The CCRD has offices in the following locations:

1560 Broadway, #1050
Denver, CO  80202

200 W. "B" Street, #234
Pueblo, CO  81003

222 S. 6th Street, #301
Grand Junction, CO  81505

**Exhibit B**

(Date)


To Whom It May Concern:

The following Employee, [NAME], has been employed by Ralph Schomp Automotive from (date) to (date).

Dates of employment: _____

Position title at the time of separation: _____

If you require further information, please contact Human Resources at Ralph Schomp Automotive.


Sincerely,



Tracy Parent
Human Resources
Ralph Schomp Automotive

**Exhibit C**

## ELIGIBLE CLASS MEMBER RELEASE

In consideration for $_____, ($_____ of which is) hereby

designated as (damages for emotional distress) (back pay and $_____ as liquidated

damages), paid to me by Arapahoe Motors, Inc., d/b/a Ralph Schomp Automotive

("Ralph Schomp"), in connection with the resolution of *EEOC v. Arapahoe Motors,*

*Inc., d/b/a Ralph Schomp Automotive*, Civil Action No. 09-cv-02961-REB-MJW, I

hereby waive and release my right to recover for any claims of (sex

discrimination/harassment and/or retaliation under Title VII of the Civil Rights Act of

1964, as amended, 42 U.S.C. §§ 2000e, et seq.,) (and/or) (age discrimination under the

Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, et

seq.,) that I had or may have had against Ralph Schomp prior to the date of this release

and that were included in the claims alleged in EEOC's complaint in the United States

District Court for the District of Colorado in the aforementioned civil action.


Date:_____     Signature: _____

(Printed Name)

26

**APPROVED AS TO FORM AND CONTENT**

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

By: _____          Date: 12/29/09
   Mary Jo O'Neill
   Regional Attorney


ARAPAHOE MOTORS, INC., d/b/a RALPH SCHOMP AUTOMOTIVE

By: _____          Date: 12-24-09

LISA J SCHOMP
Name

PRESIDENT
Title


By: _____          Date: 12/24/09

Mark A. Wallace
Name

Vice President
Title